

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA D. HALL, on Behalf of Herself and Others Similarly Situated | § § § | CIVIL ACTION NO. 3:01-CV-2487-H |
| v. | § § | JURY TRIAL DEMANDED |
| LINDA L. BURK, M.D. | § | COLLECTIVE ACTION |

## PLAINTIFF'S EXPEDITED MOTION TO VOID RELEASES, FOR CORRECTIVE NOTICE, FOR PROTECTIVE ORDER, AND FOR LIMITED EXPEDITED DISCOVERY

Plaintiff Laura Hall ("Plaintiff") files this Expedited Motion to Void Releases, For Corrective Notice, For Protective Order, and For Limited Expedited Discovery, and would show the Court as follows:

The day after Defendant Linda L. Burk, M.D. ("Defendant") filed her answer, Defendant's counsel requested a conference call with Plaintiff's counsel, during which they smugly announced that this case had been settled out from under Plaintiffs' counsel. According to Defendant's counsel, after receiving service of the complaint in this case, Defendant (on the advice of her lawyers) went out and settled the claims made the basis of this case. Defendant tried to pull a fast one, but this type of "fast one" is impermissible under controlling federal statutory authority and United States Supreme Court precedent.

This motion is necessitated by Defendant's wholly improper and misleading conduct in unilaterally contacting putative members of this collective action without notice to the Court or opposing counsel, and tricking them into signing "releases" that are totally void under Federal law.

# I.
# THE "RELEASES" ARE VOID

Plaintiff asks the Court to declare that the "releases" signed by the putative members of this collective action are void. On Thursday, February 7, 2002, Defendant's counsel informed Plaintiff's counsel that Defendant went to each putative member and paid him or her for back overtime (as calculated by Defendant) under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* Defendant's counsel informed Plaintiff's counsel that the putative members were not paid liquidated damages.[1] Therefore, the putative members have not been paid in full under the FLSA.

In return for these payments, the putative members executed "releases."[2] The "releases" state that:

> Your acceptance of back wages due under the Fair Labor Standards Act means that **you have given up any right you may have to bring suit for such back wages** under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs.

App. at Tab 1 (emphasis added). The "releases" are void because they incorrectly state that the putative members have released their claims under the FLSA when, in fact, the "releases" in no way waive any FLSA rights.

Private parties are not able to contract to settle claims under the FLSA as they would other types of claims. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). If private parties were able to do so, then employers could simply contract to pay below the minimum wage or to not pay time and a half for overtime. *Id.* As the Supreme Court has

---

[1] An employer who violates the FLSA is liable to its employees for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b).

[2] Despite a request from Plaintiff's counsel, Defendant's counsel has refused to provide copies of the "releases." Defendant counsel, however, has informed Plaintiff's counsel that the "releases" were the standard Department of Labor wage and hour release. A copy of such a release, Deparment of Labor Wage and Hour Division Form WH-58, is attached at Tab 1 of the Appendix.

explained, allowing FLSA rights to be "abridged by contract or otherwise waived . . . would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981) (internal quotations and citations omitted). The FLSA's limitations on private settlements of claims include not only back wages, but liquidated damages as well. *Brooklyn Sav. Bank*, 324 U.S. at 707 ("We are of the opinion that the same policy considerations which forbid waiver of basic minimum and overtime wages under the [FLSA] also prohibit waiver of the employee's right to liquidated damages.").

There are only two ways in which FLSA overtime claims can be settled by employees. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, an employee can accept a settlement supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). "An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages." *Lynn's Food Stores*, 679 F.2d at 1353. "The **only** other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under [29 U.S.C. § 216(b)] to recover back wages for FLSA violations." *Id.* (emphasis added). As part of such a lawsuit, an employer and employee can reach a settlement, which they submit to the court. "[T]he district court may enter a stipulated judgment **after scrutinizing the settlement for fairness**." *Id.* (emphasis added); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Defendant's "releases" meets none of these requirements. Defendant's counsel has informed Plaintiff's counsel that the Department of Labor was not involved in,

and certainly did not supervise, the "releases." Likewise, the "releases" were not part of a lawsuit,[3] and certainly were never presented to this Court so that they could be scrutnized for fairness. Because the "releases" do not meet the requirements of the FLSA, they are void and do not release the FLSA overtime and liquidated damages claims of the putative members. Plaintiff asks the Court to declare the "releases" void.

## II.
## CORRECTIVE NOTICE IS REQUIRED

It is not enough that the "releases" be declared void; the Court must also order Defendant to provide corrective notice to the putative members explaining that the "releases" they signed are void and that they still have the right to seek redress under the FLSA. Defendant's solicitation of "releases" from putative members was, in essence, unilateral notice to putative members regarding the collective action.[4] Setting aside the question of whether, after a lawsuit was filed, it was proper for Defendant to unilaterally contact putative members of the collective action action without informing the Court or opposing counsel, it is clear that any such contact and notice may not be misleading.[5]

Defendant's "releases" are highly misleading, if not fraudulent, and cannot stand uncorrected. The "releases" claim that by accepting money the putative member has

---

[3] Even though a lawsuit has been filed regarding Defendant's FLSA violations, the putative collective action members are not parties to this lawsuit. Under the FLSA, before an employee can be a party to a case, he or she must file a consent with the court. 29 U.S.C. §216(b). These putative collective action members have not yet filed consents.

[4] See generally *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989), regarding notice to putative members of collective actions under the FLSA. See *Robert O'Brien v. Encotech Constructions Services, Inc.*; No. 00-C-1133; In the United States District Court for the Northern District of Illinois, Eastern Division, at 2 (holding that solicitations of releases from putative members was notice), attached at Tab 2 to the Appendix.

[5] *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1203 (11th Cir. 1985) ("Un supervised unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from these statements could well be irreparable."); *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980) ("Un approved notice to class members which are factually or legally incomplete lack objectivity and neutrality ... [and] will surely result in confusion and adversely affect the administration of justice."); MANUAL FOR COMPLEX LITIGATION § 30.24 (3d ed. 1995).

waived his or her right to sue. As detailed above, that is absolutely false. The "releases" are also misleading because they claim that the overtime to be paid has been "computed or approved by the Wage and Hour Division" of the United States Department of Labor. *See* App. at Tab 1. That, too, is absolutely false. The Department of Labor had no involvement in calculating the overtime payments that Defendant provided in exchange for the releases.

The danger of these misleading "releases" is that putative members now believe that they have no right to sue. Because the statute of limitations on the FLSA claims of putative members is not tolled by the filing of this lawsuit, s*ee* 29 U.S.C. § 256, putative members are losing back wages every day that they do not join this collective action. To counteract the serious harm that Defendant's misleading "releases" have caused, a corrective notice must be issued.

Courts have recognized that the remedy for misleading notices is a corrective notice explaining that the "releases" were void and that the putative members have not waived any of their rights under the FLSA. *See, e.g., EEOC v. Mitsubishi*, 102 F.3d 869 (7th Cir. 1996); *see also* MANUAL FOR COMPLEX LITIGATION § 30.24 (3d ed. 1995).

A copy of Plaintiff's proposed corrective notice is attached at Tab 3 to the Appendix. Plaintiff requests that Defendant be ordered to provide Plaintiff with a signed copy of the corrective notice within five days. Plaintiff requests permission to immediately send this notice to all individuals who were presented with, or signed, the "releases." Because Defendant's improper conduct necessitates the corrective notice, it is only proper that Defendant be required to pay all expenses associated with the notice. *See* MANUAL FOR COMPLEX LITIGATION § 30.24 (3d ed. 1995).

## III.
## A PROTECTIVE ORDER PROHIBITING DEFENDANT FROM CONTACTING PUTATIVE MEMBERS IS REQUIRED

The Court must enter a protective order prohibiting Defendant from contacting putative members of the collective action regarding this lawsuit or their overtime claims without prior approval of the Court. Defendant has shown that, absent a Court order, she will engage in misleading and deceptive conduct calculated to deprive putative members of their rights under the FLSA.

## IV.
## LIMITED EXPEDITED DISCOVERY IS REQUIRED

Defendant has refused to even provide Plaintiff with a blank copy of the "releases" used to trick putative members, let alone copies of the executed "releases." When Counsel for Plaintiff requested such documents, Counsel for Defendant replied that no formal discovery requests had been issued. The time for gamesmanship and tricks is up. Plaintiff requests that the Court allow limited expedited discovery so that the Court and Plaintiff can learn who signed what.

Specifically, Plaintiff requests that the Court order Defendant to (1) identify which putative members were solicited, (2) provide copies all executed "releases," (3) provide all documents generated regarding the solicitation of the "releases," (4) provide all documents related to the manner in which the overtime pay was calculated, (5) and present Defendant for deposition regarding these issues. Plaintiff's Second Expedited Interrogatory and First Set of Expedited Requests for Production are attached at Tabs 4 and 5 of the Appendix.

Plaintiff requests that, pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b), Defendant be ordered to reply to Plaintiff's Second Expedited Interrogatory and First Set of Expedited Requests for Production within ten days. As the Court can see,

Plaintiff's discovery requests are not objectionable. Plaintiff, therefore, requests that the Court order that no objections are permitted to Plaintiff's Second Expedited Interrogatory and First Set of Expedited Requests for Production.

Defendant requests that the Court order Defendant to appear for deposition within fifteen days. Because Defendant's wrongful conduct necessitates this expedited deposition, and because this deposition will be limited in scope, Plaintiff requests that the Court order that this deposition of Defendant in no way limits Plaintiff's right to depose Defendant later in this lawsuit.

## V.
## CONCLUSION

Defendant has used improper tactics to trick putative members of this collective action into believing that they have waived their rights under the FLSA. Plaintiff requests that the Court order that the "releases" obtained by Defendant are void. Plaintiff further requests that the Court order that corrective notice be issued, at Defendant's expense, to putative class members explaining that these "releases" are void. Plaintiff requests that the Court enter a protective order prohibiting Defendant from contacting putative members of the collective action regarding this lawsuit or their overtime claims without prior approval of the Court. Finally, Plaintiff requests that Defendant be ordered to answer limited expedited discovery and appear for deposition.

Respectfully submitted,

_____
Brady Edwards
State Bar No. 00793021
**EDWARDS & GEORGE, LLP**
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone: (713) 339-3233
Telecopier: (713) 339-2233

**ATTORNEY-IN–CHARGE FOR PLAINTIFF**

Of Counsel:

David George
**EDWARDS & GEORGE, LLP**
5847 San Felipe, Suite 3900
Houston, Texas 77057
Telephone: (713) 339-3233
Telecopier: (713) 339-2233

## CERTIFICATE OF CONFERENCE

On February 11, 2002, I conferred with Keith Clouse, counsel for Defendant, regarding the granting of the relief sought in this motion. He stated that she was opposed to the granting of this relief.

_____
David George

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been this day served on counsel of record in accordance with the Federal Rules of Civil Procedure on this the 11th day of February, 2002.

_____
Brady Edwards